**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIE WILLIAMS,  :  | Civil Action No. 09-6192 (NLH) |
| Plaintiff,  :  |  |
| v.  :  | **O P I N I O N** |
| NORTHFIELD POLICE DEPARTMENT, :  et al.,  :  |  |
| Defendants.  :  |  |

**APPEARANCES**:

Willie Williams, Pro Se
#167087A-654023
C.R.A.F.
P.O. Box 7450
West Trenton, NJ 08628

**HILLMAN**, District Judge

   Plaintiff, Willie Williams, confined at the Central Reception and Assignment Facility, West Trenton, New Jersey, seeks to bring this civil action in forma pauperis, alleging violations of his constitutional rights.

   At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief.  For the following reasons, the damages claim in the complaint will be permitted to proceed.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and the attachments thereto.

Plaintiff states that on August 11, 2009, his friend drove him to a pharmacy and he picked up a prescription.  As they were driving away, the Northfield Police pulled them over.  Everyone was ordered out of the car.  Plaintiff was searched and arrested, and everyone else was let go.  Plaintiff was taken to the police station.  He asked why the car he was in was pulled over and was told "speeding," although the driver was not given a speeding ticket.  Then, defendant police officers presented Plaintiff with evidence that he had forged prescriptions.  Plaintiff states he was not read his rights.  The police allegedly told Plaintiff that they could make the forgery charges disappear if Plaintiff gave them the name of a drug dealer who drove a gray car. Plaintiff wasn't able to assist them.

According to an attachment to the Complaint, the Defendant Officer Michael Buccafurni signed a Northfield Municipal Court "Complaint-Warrant" on June 15, 2009, almost two months before his arrest, charging the Plaintiff with uttering a forged prescription.  However, although signed by the Officer under penalty of perjury, the complaint does not contain a written

finding of probable cause or otherwise bear the signature of a judicial officer. What process existed and what was made known to the Plaintiff on August 11th, the date of his arrest, and how this attachment relates to that arrest, is unclear. According to the New Jersey Department of Corrections website, Plaintiff was convicted and sentenced on March 10, 2010 for forgery charges, and is serving a three-year term of imprisonment.

In addition to the June 15, 2009 complaint for the forgery charge, Plaintiff attaches to his Complaint here the August 11, 2009 municipal court complaints for possession of a lidocaine patch without a prescription, possession of a crack pipe, and intent to use drug paraphernalia, namely a glass tube to smoke crack. Plaintiff notes that the charges stemming from the August 11, 2009 arrest have been dismissed.

Plaintiff asks for release from prison and monetary damages. He names as defendants the Northfield Police Department and Officer Buccafurni, who searched and arrested him.

## DISCUSSION

### A. Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C.

§ 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  <u>See id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47,  (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Plaintiff's Request for Release Will Be Dismissed.**

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In this case, to the extent that Plaintiff asks for the charges to be vacated and for his release, Plaintiff challenges the fact of his physical imprisonment.  Therefore, in accordance with Preiser, the claims are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

**D.    Plaintiff's Request for Damages Will Proceed.**

As to Plaintiff's claim for damages, this Court must determine if Plaintiff's false arrest allegations withstand sua sponte dismissal.

The Fourth Amendment to the federal Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend IV.

It is well-established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989) (citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994) (a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from

7

unreasonable seizures). Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification." Ramirez v. United States, 998 F.Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975). "Probable cause ... requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp.2d 743, 755 (D.N.J. 1999) (citing Groman). Indeed, the United States Supreme Court recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 549 U.S. 384, 388 (2007).

Here, Plaintiff's criminal cases are resolved. Although the charges stemming from the August 11, 2009 arrest were dismissed, at the time of the August 11, 2009 arrest, Plaintiff was questioned about the forged prescription accusations. Plaintiff was eventually convicted of the forgery charges, and he is currently serving the sentence for those charges. However, it remains possible that Plaintiff's arrest on August 11, 2009 was unconstitutional, as Plaintiff's facts allege that there was no probable cause for the arrest, and that the charges stemming from the August 11, 2009 arrest were dismissed. The fact that he was later convicted of the forgery charge does not preclude a claim that the officer lacked probable cause to arrest stop, detain, and arrest him for that charge on August 11th. See Draper v. United States, 358 U.S. 307, 311-12 (1959)(noting "the difference between what is required to prove guilt in a criminal case and

what is required to show probable cause for arrest or search"); Simpson v. Rowan, 73 F.3d 134, 136 (7th Cir. 1995)("an illegal search or arrest may be followed by a valid conviction"), cert. denied 519 U.S. 833 (1996); Woodham v. Dubas, 256 Fed. App'x 571, 576 (3d Cir. 2007)(unpubl.)(citing Simpson and noting that "[u]nder some circumstances, a false arrest claim may proceed in an action under 42 U.S.C. § 1983 despite a valid conviction"); see also, e.g., Michigan v. DeFillippo, 443 U.S. 31, 36 (1979) (stating that "[t]he validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which [she] is arrested is irrelevant to the validity of the arrest"). Therefore, the false arrest claim for damages must proceed and defendants will be ordered to file an answer.[1]

---

[1] The Northfield Police Department is not a local government unit that can be sued under § 1983 pursuant to Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 688-90 (1978). This Court will construe the complaint as naming the City of Northfield, a local governmental unit, as a defendant. See DeBellis v. Kulp, 166 F. Supp.2d 255, 264 (E.D. Pa. 2001)(collecting cases and stating that police departments cannot be sued in § 1983 because it is "merely an administrative arm of the local municipality, and is not a separate judicial entity."). See also Hafer v. Melo, 502 U.S. 21, 25 (1991) (§ 1983 suit against governmental officer in official-capacity represents another way of pleading an action against the entity of which officer is an agent); Brandon v. Holt, 469 U.S. 464 (1985) (treating § 1983 action that was brought against city's director of police department as action against the city where city had notice); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983 liability).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's request for release is dismissed.  However, the complaint will be permitted to proceed on the damages claim.  An appropriate order follows.


                                             /s/ NOEL L. HILLMAN
                                             NOEL L. HILLMAN
                                             United States District Judge

Dated: JULY 14, 2010